THE BILT-WEL COMPANY, PROSECUTOR, v. JOHN G. SCOTT, BUILDING INSPECTOR, ET AL., RESPONDENTS.

Submitted October 14, 1927—Decided June 19, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Levy, Fensler & McCloskey.*

For the respondents, *Walter C. Ellis.*

PER CURIAM.

This is a zoning case. It is before this court on a writ of *certiorari* allowed to review the decision of the board of adjustment of the city of East Orange. The facts are stipulated in the record. It appears from the stipulation that the prosecutor is the owner of premises located at the northwest corner of Burnett and Beach streets, in the city of East Crange. The prosecutor engaged an architect to prepare plans and specifications for a three-story brick apartment house designed for the occupancy of twelve families. The plans were prepared, submitted to the board of tenement house supervision and were approved by that body. On March 31st, 1927, the prosecutor made a written application for a building permit to the building inspector of the city of East Orange. It presented the plans and specifications mentioned and tendered the fees required by law for the issuance of a building permit. The city of East Orange had enacted a zoning ordinance. The land of the prosecutor, upon which it desires to erect the apartment house, is located in a zone known as a small volume residential district. The ordinance precludes the erection of an apartment house in this zone. For this reason the building inspector refused to grant the permit. The prosecutor then appealed to the board of adjustment. A date was fixed for the hearing, and after the hearing the board of adjustment unanimously denied the granting of the permit sought. The prosecutor then applied for and was allowed a writ of *certiorari* to review the determination of said board of adjustment.

In the case of Koplin *v.* Village of South Orange et al., this court, in an opinion filed May 14th, 1928, considered the constitutional amendment respecting zoning, which was approved and ratified on September 30th, 1927, and took effect October 18th, 1927, and the statute enacted by the last legislature, known as chapter 274 of the laws of 1928. This opinion, among other things, particularly referred to the retro-

active effect which the statute gave to zoning ordinances. The prosecutor in the instant case bases its contention upon the cases which were heretofore controlling in these questions, but which by the constitutional amendment and the act of the legislature mentioned have become ineffective to grant the relief asked for by the prosecutor. There was no evidence offered in the present case before the board of adjustment to the effect that the provisions of the zoning ordinance were unreasonable. The presumption is that they are reasonable. *Burg* v. *Ackerman,* 5 *N. J. Mis. R.* 96. This court will not disturb the action of a board of adjustment unless its action is shown by evidence to be wrong. *Oxford Construction Co.* v. *Orange,* 4 *Id.* 515. The decision of the board of adjustment of the city of East Orange is affirmed. The writ of *certiorari* will be dismissed, without costs.